IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NELSON SHANKS | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| LESLIE and ABIGAIL WEXNER, et al. | : | |
| Defendants. | : | NO. 02-7671 |

## ORDER

AND NOW, this _____ day of _____, 2002, upon consideration of the Motion of Defendants for Dismissal Pursuant to Fed. R. Civ, P. 12(b)(2), and Plaintiff's opposition thereto, it is hereby ORDERED that the Motion is GRANTED and that all of Plaintiff's claims against Defendants are hereby dismissed with prejudice for lack of personal jurisdiction.

_____
U.S.D.J.

DB&R
RECEIVED
JAN X 3 ...

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NELSON SHANKS | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | FILED DEC 30 2002 |
| LESLIE and ABIGAIL WEXNER, et al. | : | |
| Defendants. | : | NO. 02-7671 |

## MOTION OF DEFENDANTS
## FOR DISMISSAL PURSUANT TO FED. R. CIV. P. 12(b)(2)

Defendants, by and through their undersigned counsel, pursuant to Rule 12(b)(2), hereby move for an Order dismissing all of Plaintiff's claims against Defendants for lack of personal jurisdiction. In further support thereof, Defendants incorporate herein by reference the accompanying Memorandum of Law.

WHEREFORE, Defendants respectfully pray that this Court grant their Motion and dismiss the action for lack of personal jurisdiction and that the Court grant such other and further relief as it deems to be necessary and appropriate.

Dated: December 30, 2002

*Christopher J. Guiton*
Lawrence J. Fox
Attorney Identification No. 15261
Christopher J. Guiton
Attorney Identification No. 89866
DRINKER BIDDLE & REATH LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996

Attorneys for Defendants

D B & R
RECEIVED
JAN X 3 ...

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NELSON SHANKS | : | CIVIL ACTION |
| Plaintiff, | : | FILED DEC x 0 2002 |
| v. | : | |
| LESLIE and ABIGAIL WEXNER, et al. | : | |
| Defendants. | : | NO. 02-7671 |

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANTS FOR DISMISSAL PURSUANT TO FED. R. CIV. P. 12(b)(2)

Defendants, by and through their undersigned counsel, respectfully submit this Memorandum of Law in support of their Motion for dismissal pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

### INTRODUCTION

Plaintiff Nelson Shanks, a renown portrait artist with a self-proclaimed method of becoming well acquainted with his subjects by painting them during live sittings, was to paint a personal family portrait of Defendant Abigail Wexner ("Mrs. Wexner") and her four small children in their home in New Albany, Ohio. As Plaintiff was at all times aware, this was to be a gift by Defendant Jeffrey Epstein ("Mr. Epstein") to his clients and close personal friends, Mrs. Wexner and Defendant Leslie Wexner ("Mr. Wexner"). Despite the substantial $325,000 fee he claims for his work product, Plaintiff chose in this case to abandon his proven methods. Instead, he apparently chose to indulge his idiosyncratic artistic goals, and, in so doing, created an inherently impersonal, inaccurate and disturbing painting of five living subjects only from still

photographs – which he selected without input from any of the Defendants – and lifeless mannequins.

Plaintiff now seeks to profit from the inevitable and unfortunate consequences of his self-indulgence and the breach of his own widely proclaimed standards for producing a portrait. What is equally indefensible is that he seeks to do so by commencing suit against two U.S. Virgin Island residents and two Ohio residents in a jurisdiction with which each of the Defendants lacks even minimal contacts. Like Plaintiff's claims in this action, his choice of the Commonwealth of Pennsylvania as the forum in which to litigate his claims should be rejected by this Court.

## BACKGROUND

On more than one occasion, Defendant Ghislaine Maxwell, advised Plaintiff that Mr. Epstein wished to present Mr. Wexner and Mrs. Wexner with a gift of a portrait painted by Plaintiff of Mrs. Wexner and her four small children, Harry, Hannah, David, and Sarah.[1] Plaintiff pursued this project by making numerous telephone calls to Ms. Maxwell in New York City and Mrs. Wexner in New Albany, Ohio, complying with Ms. Maxwell's requirement that Plaintiff meet with Mrs. Wexner in New York City, and photographing Mrs. Wexner and her children while he stayed as a guest at the Wexner home in Ohio over a two day period. Plaintiff ultimately determined that he would paint the family portrait in the setting of their home in Ohio. At Plaintiff's request, first made by Plaintiff, personally, while at the Wexner home in Ohio and

---

[1] One of the more unfortunate aspects of this case is Plaintiff's bringing suit against Mr. and Mrs. Wexner when he knew that Mr. Epstein was and will remain fully responsible for this gift if Plaintiff, in fact, is entitled to any payment for the flawed portrait. This point is not an appropriate subject for a preliminary motion but will be the subject of a challenge at a later date unless Plaintiff promptly voluntarily drops the donees of the planned gift from this litigation. Naming the Wexners in this litigation unfortunately evokes the old adage that "no good deed goes unpunished."

then reiterated in a May 3, 2000 letter which he sent to Mrs. Wexner in Ohio, measurements of Mrs. Wexner and her four children were taken in Ohio and faxed to Plaintiff. Although Plaintiff seeks to collect a substantial fee of $325,000 for this portraiture, in the end, Plaintiff's painting is based on nothing more than the still photographs shot, and mannequins prepared from measurements taken, in Ohio.

Mr. Epstein and Ms. Maxwell are U.S. Virgin Islands residents and Mr. Wexner and Mrs. Wexner are Ohio residents, all of whom have homes in New York City. None of the Defendants has ever set foot in Pennsylvania in connection with the matter at issue in this action. Nor does or can Plaintiff allege that any of the Defendants has any meaningful contacts with the Commonwealth of Pennsylvania. Yet, Plaintiff would have all four defendants defend themselves in a jurisdiction with which they have no connection. For the foregoing reasons and those explained below, Defendants move this court to dismiss this action for lack of personal jurisdiction.

## STANDARD OF REVIEW

When a defendant raises the defense of lack of personal jurisdiction, the plaintiff bears the burden of proving facts demonstrating that the Court's exercise of jurisdiction is proper. Mellon Bank (East) PSFS, N.A. v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1993). In discharging this burden, the plaintiff cannot rest on the bare allegations of its complaint. Id. To the contrary, the plaintiff must produce with reasonable particularity affirmative evidence to support a conclusion that there are sufficient contacts between the defendant and the forum state. Id.

## ARGUMENT

### This Court Cannot Constitutionally Exercise Jurisdiction Over the Wexners Because They Do Not Have Sufficient Contacts with the State of Pennsylvania.

In Pennsylvania, a district court sitting in diversity may exercise personal jurisdiction over a non-forum resident where the Pennsylvania long-arm statute allows it and when the exercise of such jurisdiction comports with due process. Fed. R. Civ. P. 4(e); Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Products Co., 25 F.3d 147, 151 (3d Cir. 1996). To exercise personal jurisdiction in the instant case, this court must determine whether jurisdiction exists under the Pennsylvania's long-arm jurisdiction statute and, if it does, whether the exercise of jurisdiction would violate the due process clause of the Fourteenth Amendment. Vetrotex Certainteed Corp., 25 F.3d, at 151. Because Pennsylvania's long-arm statute is coextensive with the dictates of the Constitution, the court's analysis turns exclusively on whether the exercise of personal jurisdiction would conform with the Due Process Clause. Id.; 42 Pa. Cons. Stat. Ann. § 5322(b).

The Due Process clause requires that the Defendants have minimum contacts in Pennsylvania and that the exercise of jurisdiction comport with "traditional notions of fair play and substantial justice." Vetrotex Certainteed Corp., 25 F.3d, at 150, 151, quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Minimum contacts must have a basis in some act by which the Defendants purposefully availed themselves of the privilege of conducting activities within Pennsylvania, thus invoking the benefits and protection of its laws. IMO Indus. v. Kiekert AG, 155 F.3d 254 (3d Cir. 1998), citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985); See also, Asahi Metal Indus. Co., Ltd. V. Superior Court of California, 480 U.S. 102, 109 (1987).

Personal jurisdiction may be based upon either specific or general jurisdiction. To invoke specific jurisdiction, a plaintiff's cause of action must arise out of defendant's forum-related activities. To establish specific jurisdiction, a plaintiff must show that a defendant has sufficient minimum contacts with the forum state such that the defendant should "reasonably anticipate being haled into court in that forum." Vetrotex Certainteed Corp., 25 F.3d, at 551, quoting World-Wide Volkeswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). In contrast, general jurisdiction of the court exists when the defendant has continuous and systematic contacts with the forum state, regardless of where the particular events giving rise to the litigation occurred. Vetrotex Certainteed Corp., 25 F.3d, at 151.n.3, citing Heliocopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408 (1984).

1.   **There is no basis for specific personal jurisdiction.**

This Court must apply the above two-part test to determine if specific personal jurisdiction may be asserted. IMO Indus., 155 F.3d, at 259. Mr. Shanks first must demonstrate that the Defendants have sufficient minimum contacts with Pennsylvania. Minimum contacts would only exist if the Defendants have purposely directed their activities toward Pennsylvania, and purposely availed themselves of the privilege of conducting activities within Pennsylvania, thus invoking the benefits and protections of its laws. Moreover, the Defendants' contacts will not satisfy the minimum contacts requirement if they did not reasonably anticipate being haled into court in that forum as a result of those contacts. Second, if minimum contacts are established, this court must determine if exercising jurisdiction over the Wexners would comport with traditional notions of fair play and substantial justice.

The Defendants here did not reasonably anticipate being haled into a Pennsylvania court. Throughout the set of events that Plaintiff alleges gave rise to his claims, the Defendants had no contact with Pennsylvania. The discussions between one Defendant and Plaintiff to paint a family portrait took place in the State of New York. The parties never discussed whose law would apply to the transaction, much less invoke the benefits and privileges of Pennsylvania laws. Certainly, the mere act of contracting with a Pennsylvania resident does not constitute availing oneself of the laws of Pennsylvania. Moreover, if a contract were ever found to have been entered into, a point all Defendants vehemently deny, Pennsylvania case law provides that the law of the state of contracting would apply. See Pippet et. al. v. Waterford et. al., 166 F. Supp. 2d. 233, 239 (E.D. Pa. 2001), citing Parkway Baking Co. v. Freihofer Baking Co., 255 F.2d 641, 646 (3d Cir. 1958). Here, since the parties' only meetings to discuss the portrait took place in New York, New York law would govern if any contract were found to exist.

In Poole v. Sasson, this court dismissed a plaintiff's claims for lack of specific personal jurisdiction when faced with contacts more substantial than could be presented here. 122 F. Supp. 2d 556, 558 (E.D. Pa. 2000). The defendant in Poole, a New York accountant, contracted with the plaintiffs, Pennsylvania residents, to perform accounting services. Id. at 557. The defendant was hired on a yearly basis for general accounting services between 1975 to 1997. Id. Over the course of the 22 years, the defendant mailed the completed accounting forms to the plaintiffs in Pennsylvania, and made several phone calls to plaintiffs regarding tax returns. Id. at 559. The court found that the telephone calls and the letters to the plaintiffs did not suffice to confer jurisdiction over defendant. Id. In Poole, the plaintiffs had contended that defendant's decision merely to contract with a Pennsylvania resident constituted "transacting business" in the

Commonwealth and thus defendant should have expected to be haled into court there. Id. The court disagreed and found that the mere existence of a contract between the defendant and the plaintiffs does not by itself support a finding of jurisdiction, even if Pennsylvania law would have applied to any dispute. Id. Contacts with the Commonwealth of Pennsylvania are even more scarce in our case where not only did the defendants transact no business in Pennsylvania, but also Pennsylvania law would not apply to the dispute.

The only physical contact that occurred between the parties after the discussion in New York was when Plaintiff went to Ohio to photograph the Wexners at their home. By Plaintiff's account, he took hundreds of photos of the Wexner family in Ohio. It did not matter where Plaintiff brought the photos in order to paint the portrait from them. When dealing with Plaintiff, Defendants did so exclusively in or from jurisdictions other than Pennsylvania. They never sought to, nor did they avail themselves in any way of the benefits and protection of Pennsylvania. Rather, the Defendants lack the sufficient minimum contacts with the Commonwealth required for this Court to exercise specific personal jurisdiction.

  **2.  This court also lacks general personal jurisdiction over the Defendants.**

In order for Plaintiff to establish that Pennsylvania has general jurisdiction over the Defendants, he would have to show that Defendants maintain such systematic and continuous contacts with Pennsylvania that jurisdiction is proper even if the particular events giving rise to the litigation occurred in another forum. On the face of the Complaint and the facts presented, Plaintiff falls far short of meeting his burden because the Defendants maintain no such contacts in Pennsylvania. The Defendants Wexner are residents of Ohio and have no occasion to conduct business in Pennsylvania. The Defendants Epstein and Maxwell are residents of the Virgin

Islands and similarly conduct no business in Pennsylvania. The maintenance of this suit in Pennsylvania would offend traditional notions of fair play and substantial justice.

### CONCLUSION

For all of the foregoing reasons, this Court lacks personal jurisdiction over the Defendants, and the Defendants therefore respectfully request that the Court enter an Order dismissing them from this action pursuant to Rule 12(b)(2).

Respectfully submitted,

Dated: December 30, 2002

Lawrence J. Fox
Attorney Identification No. 15261
Christopher J. Guiton
Attorney Identification No. 89366
DRINKER BIDDLE & REATH LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA  19103-6996

Attorneys for Defendants

- 8 -

## CERTIFICATE OF SERVICE

I, Christopher J. Guiton, hereby certify that, on the date set forth below, I caused a true and correct copy of the foregoing Motion of Defendants for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(2), together with the supporting Memorandum of Law, to be served, via first-class mail, upon the following counsel of record:

> Jeffrey D. Hofferman, Esq.
> GOLLATZ, GRIFFIN & EWING, P.C.
> Sixteenth Floor
> Two Penn Center Plaza
> Philadelphia, PA  19102
>
> Attorney for Plaintiff

Dated:  December 30, 2002

Christopher J. Guiton