IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NELSON SHANKS | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| LESLIE and ABIGAIL WEXNER, et al. | : | |
| Defendants. | : | NO. 02-7671 |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS LESLIE AND ABIGAIL WEXNER, ET AL.

Defendants Leslie and Abigail Wexner ("the Wexners"), Jeffrey E. Epstein, individually ("Epstein"), J. Epstein & Company, Inc., and Ghislaine Maxwell, by their lawyers, answer the Complaint and assert affirmative defenses as follows:

### I. PARTIES

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint.

2. Admitted.

3. Denied.

4. Denied.

5. Defendants deny the allegations of paragraph 5, except admit that Maxwell is a resident and citizen of the United States Virgin Islands and, at all times relevant herein, acted as agent for Epstein.

### II. JURISDICTION AND VENUE

6. Admitted.

1

7.   The allegations set forth in paragraph 7 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 7.

## III. <u>FACTS</u>

8.   Defendants deny the allegations of paragraph 8, except admit that Maxwell, acting on behalf of Epstein, contacted Plaintiff Nelson Shanks ("Shanks") to inquire whether Shanks would be interested in painting for Epstein a family portrait of Defendant Abigail Wexner and her four children, which portrait Epstein would thereafter present as a gift to the Wexners.

9.   Defendants deny the allegations of paragraph 9, except admit that Maxwell contacted Shanks on Epstein's behalf because Epstein was aware of Shanks' reputation as a world-renown portrait artist who has had many famous and influential people sit for portraits painted by him.

10.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint.

11.  Defendants deny the allegations of paragraph 11, except admit that on or about March 15, 2000 Shanks met with Defendant Abigail Wexner in New York City.

12.  Admitted.

13.  Defendants deny the allegations of paragraph 13, except admit that following Shanks' meeting with Defendant Abigail Wexner in New York City on or about March 15, 2000, Shanks traveled to the Wexners' home in New Albany, Ohio to pursue his interest in painting for Epstein a portrait of Defendant Abigail Wexner and her four children.

14. Defendants deny the allegations of paragraph 14, except admit that Shanks traveled to the Wexners' home in New Albany, Ohio on or about April 26, 2000.

15. Defendants deny the allegations of paragraph 15, except admit that Shanks spent two days at the Wexners' home and that at times during that two-day period took still photographs of Defendant Abigail Wexner and her four children.

16. Defendants deny the allegations of paragraph 16, except admit that Shanks spent two days at the Wexners' home and that at times during that two-day period took photographs of Abigail Wexner and her four children and aver that Defendants lack knowledge or information sufficient to form a belief as to the number of photographs taken by Shanks during that two-day period.

17. Denied.

18. Defendants deny the allegations of paragraph 18, except admit that Exhibit D appears to be a copy of a fax sent by Amy Roberts to Shanks. Defendants respectfully refer this Court to the contents of that fax for the statements and information provided therein.

19. Denied.

20. Defendants deny the allegations of paragraph 20, except admit that Maxwell, as the agent for Epstein, confirmed in writing her understanding that Shanks would charge Epstein $325,000, if, and only if, he painted Defendant Abigail Wexner and her four children and delivered a portrait, acceptable to Epstein, of the size Shanks discussed with Maxwell.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint, and therefore deny the same.

22. Defendants deny the allegations of paragraph 22, except admit that Shanks proposed to Maxwell that he use a Mid-18th century picture frame for the proposed portrait, and that Maxwell advised Shanks that Epstein would be willing to pay an additional $14,000 for that picture frame.

23. Denied.

24. Defendants lack knowledge or information sufficient to form a belief as to the date on which Shanks completed work on his painting, and, inasmuch as Defendants do not have possession of the painting, lack knowledge or information sufficient to form a belief as to whether Exhibit G is a true and correct representation, albeit at a reduced scale, of the painting. Defendants admit that, at the request of Shanks, the Wexners arranged for a courier to pick up a painting from Shanks' studio in Andalusia, Pennsylvania and to deliver a painting to the Wexners' home in New Albany, Ohio.

25. Denied.

26. Denied.

27. Defendants deny the allegations of paragraph 27, except admit that Shanks wrongfully sent an invoice to the Wexners dated May 9, 2001, and that Exhibit H appears to be a copy of that invoice. Defendants respectfully refer this Court to the contents of that invoice for the statements and information therein.

28. Defendants deny the allegations of paragraph 28, except admit that Defendants made no payment on the invoice referred to in paragraph 27 hereof.

4

29. Denied.

30. Denied.

31. Denied.

### COUNT I – BREACH OF CONTRACT

32. Defendants incorporate their responses to paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33. Denied.

34. Denied.

35. Defendants deny the allegations of paragraph 35, except admit that Maxwell, as the agent for Epstein, confirmed in writing her understanding that Shanks would charge Epstein $325,000 if, and only if, he painted Defendant Abigail Wexner and her four children and delivered a portrait, acceptable to Epstein, of the size Shanks discussed with Maxwell.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Defendants deny the allegations of paragraph 40, except admit that Defendants made no payment on the invoice referred to in paragraph 27 hereof.

### COUNT II – PROMISSORY ESTOPPEL

41. Defendants incorporate their responses to paragraphs 1 through 40 of the Complaint as if fully set forth herein.

42. Denied.

5

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claim against Defendants is barred, in whole or in part, to the extent plaintiff breached or failed to comply with plaintiff's obligations in painting Defendant Abigail Wexner and her four children and delivering a portrait acceptable to Epstein.

### Second Affirmative Defense

Defendants reserve the right to assert additional affirmative defenses as additional discovery and investigation may reveal.

## REMEDIES AND RELIEF REQUESTED

WHEREFORE, Defendants respectfully request that the Court enter judgment in its favor and against plaintiff, together with its costs and lawyers' fees, and any further relief deemed appropriate by the Court.