**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NELSON SHANKS<br><br>Plaintiff,<br><br>v.<br><br>LESLIE and ABIGAIL WEXNER, h/w, et al.<br><br>Defendants. | : | CIVIL ACTION<br>NO. 02-7671<br>(Judge Newcomer) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Plaintiff Nelson Shanks, by his counsel, hereby submits this Memorandum in Support of his Motion to Dismiss Count Two of the Counterclaims asserted by Defendants Abigail and Leslie Wexner (the "Wexners").

## I. Facts and Procedural History

Defendants commissioned an original family portrait created by Plaintiff, Nelson Shanks. Mr. Shanks completed the portrait and delivered same to the Defendants. Defendants refused to pay for the portrait after it was delivered, and ultimately returned the painting to Mr. Shanks. In support of Count Two of their Counterclaims, the Wexners allege that the portrait was shown thereafter at the Woodmere Gallery, a museum in Philadelphia, Pennsylvania. Mr. Shanks now moves to dismiss

Count Two of the Wexners' Counterclaims, which purports to state a claim for "False Advertising," for failure to state a claim.

## II. <u>The Court Should Dismiss the False Advertising Counterclaim Asserted by the Defendants For Failure to State a Claim Upon Which Relief Can Be Granted</u>

Plaintiff's Motion to Dismiss requires the Court to accept as true all of the allegations of fact made in Count II of the Counterclaims, and to grant a dismissal where, "it is certain that no relief could be granted under any set of facts which could be proved." <u>Ransom v. Marrazzo</u>, 848 F.2d 398, 401 (3d Cir. 1988).

The Wexners advance a Counterclaim for "False Advertising," arising from the allegation that the portrait was exhibited without their consent. A claim for false advertising under Pennsylvania law is covered by statute. See, Unfair Trade Practices and Consumer Protection Law (the "UTPCPL"), 73 Pa. Cons. Stat. § 201-1, et seq. Indeed, Mr. Shanks is unaware of a common law action for false advertising, yet the Wexners do not cite the statute in their Counterclaim. Accordingly, the Counterclaim should be dismissed on this basis alone. The Wexners' Counterclaim also fails for several other reasons. Indeed, the Wexners do not have the requisite standing to bring a private action under the UTPCPL; they fail to allege ascertainable injury; and they fail to assert the reliance and

causation elements necessary to state such a claim.

A private right of action for false advertising is allowed under the UTPCPL only where the private party asserting the claim is:

> [A] person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act, or practice declared unlawful by . . . this Act.

73 Pa. Cons. Stat. § 201-9.2. The Wexners did not purchase or lease any goods or services relevant to the factual allegations underlying their claim for false advertising. Thus, the Wexners do not have standing to assert a claim under § 201-9.2.

Further, the Wexners have not alleged that they suffered ascertainable loss through the alleged display of the portrait. The Pennsylvania Supreme Court has held that ascertainable loss is necessary to pursue a private right of action under the UTPCPL. Weinberg v. Sun Co., Inc., 565 Pa. 612, 618 (2001). The Wexners are unable to allege any such loss and have not done so in their pleadings.

Finally, the Wexners fail to allege reliance and causation, additional elements necessary for such a cause of action. Id. The Wexners fail to plead reliance on an advertisement (in this case, the alleged exhibition of the portrait) in making a purchase or lease; nor do they allege that the Plaintiff's display of the portrait was the cause of injury. As such, the

Defendants' claim for false advertising must be dismissed with prejudice.

## III. Conclusion

In rather curious fashion, the Wexners have asserted a false advertising claim that fails to cite the relevant statute, fails to allege standing to pursue the claim; and fails to allege ascertainable injury, reliance, and causation. As such, the Court should grant the Plaintiff's Motion to Dismiss and dismiss the Defendants' Counterclaim for false advertising with prejudice.

WHEREFORE, Plaintiff, Nelson Shanks respectfully requests that the Court GRANT his Motion to Dismiss and DISMISS the Wexners' Counterclaim for false advertising with prejudice.

Date: May 29, 2003

Jeffrey D. Hofferman
Bradford M. Brush
GOLLATZ, GRIFFIN & EWING, P.C.
Four Penn Center
1600 JFK Blvd., Suite 200
Philadelphia, PA 19103
Attorneys for Nelson Shanks