IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NELSON SHANKS** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **LESLIE and ABIGAIL WEXNER, et al.** | : | |
| | : | |
| **Defendants.** | : | **NO. 02-7671** |

### DEFENDANT JEFFREY EPSTEIN'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNT ONE – BREACH OF CONTRACT

### INTRODUCTION

Yet again Plaintiff Nelson Shanks attempts to employ motion practice as a means to short circuit a trial on the merits of this case, and yet again the motion is totally without merit. By latching on to one statement in one letter that mentions the price purportedly of the painting at issue here, Plaintiff seeks to escape his burden of proving that a contract was first formed, then breached.

Although that one statement contains what could be one of the terms of the so-called contract, it does not memorialize any of the terms that would be necessary to find that any contract ever existed. Fundamental terms as to subject matter, style, method of painting, completion time, expenses, timing of payment, method of delivery, and circumstances under which the painting can be rejected are not in the writing on which Plaintiff so heavily relies. Whether there was a contract and, if so, what these essential terms are goes to the very core of this dispute. Plaintiff's motion for judgment on the pleadings is based on just a sliver of

evidence and blatantly ignores the multiple material issues of fact that exist in this case. Because Plaintiff has failed to show that no material issue of fact exists, this motion should be denied.

Federal Rule of Civil Procedure Rule 12 ( c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial . . .." However, a court may grant judgment on the pleadings only where "the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law". *Kruzits v. Okuma Machine Tool, Inc.*, 40 F.3d 52, 54 (3d Cir. 1994) (*quoting Society Hill Civic Assoc. v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980)).

Plaintiff not only fails to establish that no material issue of fact remains, but he also moved for judgment on the pleadings before the pleadings were closed. Because Plaintiff filed an answer to Defendants' Counterclaim after moving for judgment on the pleadings -- actually on the eve of the filing of this memorandum in opposition -- his motion is procedurally deficient and could be denied on that basis alone.

**ARGUMENT**

Judgment on the Pleadings cannot be entered because material issues of fact exist with respect to the existence of a contract, the terms thereof and the performance thereof. Plaintiff's motion relies entirely on the following letter from Defendant Maxwell, annexed to the Complaint as Exhibit "D ", which aside from the address and salutation, reads *in total*:

> It was great to talk to you today. This is to confirm the cost of the painting for Wexner is $325,000.

It is perfectly clear that the letter addresses a price term, and nothing more, as, indeed, Shanks himself alleges at para. 20:

> By letter dated May 16, 2000, Maxwell, acting as the actual, apparent or ostensible agent of Epstein and/or Wexner, confirmed that the cost of the painting would be $325,000. A true and correct copy of the May 16, 2000, letter from Maxwell to Shanks is attached hereto as Exhibit "E".

Shanks later alleges, in paragraph 35 of the Complaint, despite the complete absence of any language regarding who would be the subject(s) of the painting, that this writing confirms "the agreement between Shanks and Epstein and/or the Wexners, that in exchange for delivering a painting of Abigail Wexner and her four children, Epstein and/or the Wexners would pay Shanks $325,000." However, this writing does not establish a contract because, "before a contract can be found, all the essential elements of the contract must exist." *Johnson the Florist, Inc. v. Tedco Construction Corp.*, 441 Pa. Super. 281, 291, 657 A.2d 511, 516 (1995).

The writing upon which Shanks asks this Court to rely exclusively in finding the existence of an enforceable contract does not contain a myriad of essential contract elements, *e.g.*, what it is that Shanks has agreed to paint, how he was to create the painting, by when was he to complete the painting and what rights the purchaser had to reject the final creation, to name but a few. Nor does the writing contain the elements that Shanks himself contend are part of the agreement, including a mythical downpayment of 50%[1] or that he had "creative license" to portray the subjects in any "artistic" fashion he chose (Plaintiff's Complaint, para. 29). Certainly, such elements cannot be inferred from the mere statement in this letter regarding the price of an unspecified painting.

In their answer to the Complaint, Defendants expressly deny that this writing confirmed any such agreement, and, in fact, aver a very different understanding from that alleged by Shanks with respect to the requirements for the painting. (Defendants' Answer, para 35). Thus, until

---

[1] In the invoice rendered to Mrs. Wexner following rejection of the painting, Shanks asserts an alleged term of the agreement: "Owing to an error, the 50% downpayment was not invoiced; therefore [sic], we would appreciate prompt payment." *See* Complaint Exhibit "H".

and unless the trier of fact can determine what terms existed, if any, this Court cannot find, as a matter of law, that a contract existed and that one or more parties breached his or her obligations thereunder.

Where, as here, a case involves a disputed oral contract, "what was said and done by the parties, as well as what was intended by what was said and done by the parties, are questions of fact to be resolved by the trier of fact." *Johnson the Florist, Inc., supra*, 441 Pa. Super. 281, 291, 657 A.2d 511, 516 (1995). The terms of any agreement between Epstein and Shanks have yet to be established and are hotly in contention. No writing exists as to the essential terms. Details as to subject matter, style, artistic license, method of portrait painting, completion time, expenses, timing of payment, method of delivery, and circumstances under which the painting can be rejected are not in writing.

Nor does Shanks explain why the Court is obliged to focus solely on the answer to the one paragraph in the Complaint dealing with the letter and ignore the answers to the remaining paragraphs. Taken as a whole, defendants deny the existence of a contract (*e.g.*, Defendants' Answer, paras.33-35); dispute the terms Shanks claims are present in the agreement (*id*. at paras. 29 and 30); and assert other terms which Shanks' implicitly denies existed (*id.* at para. 20 and 35). While Plaintiff may ignore these paragraphs of Defendants' Answer, surely the Court may not in determining whether there is any factual dispute.

## **CONCLUSION**

Defendants have repeatedly denied the existence of a contract altogether. In the event that a contract did exist, to say that the parties have differing opinions on both the explicit and implicit terms of the contract would be a gross understatement. Plaintiff contends that he had "creative license" to portray the subjects in any manner he chose, yet in the same breath he attempts to admonish the Defendants for reading into the alleged agreement a prerequisite that

4

the painting must resemble its subjects.  Because material issues of fact abound, Plaintiff is forced to rely hopelessly on the one written statement – the cost of the painting – as the offer, acceptance, consideration and everything in between.  For all of these reasons, Plaintiff's motion for judgment on the pleadings should be denied.

                               Respectfully submitted,

Dated:  August 27, 2003                     _____

                               Lawrence J. Fox
                               Christopher J. Guiton
                               DRINKER BIDDLE & REATH LLP
                               One Logan Square
                               18th & Cherry Streets
                               Philadelphia, PA  19103-6996
                               (215) 988-2546

                               Counsel for Defendants

<u>CERTIFICATE OF SERVICE</u>

I, Christopher J. Guiton, certify that the foregoing Defendant Jeffrey Epstein's Memorandum in Opposition to Plaintiff's Motion for Judgment on the Pleadings as to Count One – Breach of Contract was served via first class mail, on this date, on the following:

>Jeffrey Hofferman, Esq.
>GOLLATZ, GRIFFEN & EWING, P.C.
>Sixteenth Floor
>Two Penn Center Plaza
>Philadelphia, PA 19102
>
>Attorney for Plaintiff

Dated:  August 27, 2003                         _____
                                                                                                Christopher J. Guiton